IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BOST; LAURA POLLASTRINI; and SUSAN SWEENEY, <br><br> Plaintiffs, <br><br> v. <br><br> THE ILLINOIS STATE BOARD OF ELECTIONS; and BERNADETTE MATTHEWS, in her capacity as the Executive Director of the Illinois State Board of Elections <br><br> Defendants. | Civil Action No. _____ |

# **COMPLAINT**

Plaintiffs Congressman Michael J. Bost, Laura Pollastrini, and Susan Sweeney ("Plaintiffs"), by and through counsel, file this Complaint against the Illinois State Board of Elections and its Executive Director Bernadette Matthews, and allege as follows:

1. Plaintiffs are former and prospective federal candidates and registered Illinois voters, all of whom seek declaratory and injunctive relief to enjoin parts of the Illinois election code.

2. The United States Congress is authorized under Art. I, § 4 cl. 1 and Art. II, § 1 cl. 4 to establish the Time for conducting federal elections. Congress exercised this authority in 1845

when it enacted the first of a trio of statutes that established a uniform national election day for all federal elections.

3. Under federal law, the first Tuesday after the first Monday in November of every even-numbered year is election day ("Election Day") for federal elections. *See* 2 U.S.C. § 1; 2 U.S.C. § 7; and 3 U.S.C. § 1.

4. Despite Congress' clear statement regarding a single national Election Day, Illinois has expanded Election Day by extending by 14 days the date for receipt and counting of vote-by-mail ballots. *See* 10 Ill. Comp. Stat. Ann. §§ 5/18A-15(a) & 5/19-8(c).

5. Plaintiffs allege that Illinois' extension of Election Day violates federal law and their rights.

6. Plaintiffs seek a judgment declaring Illinois' extension of Election Day to be unlawful and seek an injunction enjoining the extension.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, because the matters in controversy arise under the Constitution and laws of the United States, because they concern the deprivation, under color of State law, of rights secured to Plaintiffs by the Constitution of the United States and by Acts of Congress, and because they are proper subjects for a declaratory judgment.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because one or more Defendants resides in this district and all Defendants are residents of Illinois, and because a substantial part of the events and omissions giving rise to the claims herein occurred in this district; or, in the alternative, because one or more Defendants is subject to the Court's personal jurisdiction in this district with respect to this action.

**PARTIES**

9.     Plaintiff Michael J. Bost is a resident of Jackson County, Illinois and a registered Illinois voter who voted in the 2020 congressional and presidential elections. He intends to vote in the 2022 congressional election as well as the 2024 presidential and congressional elections. He also is a multi-term member of the United States House of Representatives and represents Illinois' 12th Congressional District. Congressman Bost successfully ran for re-election in the November 3, 2020 federal election and currently is a candidate for United States Representative for Illinois' 12th Congressional District during the November 8, 2022 federal election.

10.     Plaintiff Laura Pollastrini is a resident of Kane County, Illinois, and a registered Illinois voter who voted in the 2020 congressional and presidential elections. She intends to vote in the 2022 congressional election as well as the 2024 presidential and congressional elections. Ms. Pollastrini is currently the Illinois Republican State Central Committeeperson for the 14th Congressional District. Ms. Pollastrini was appointed by the Illinois State Republican Chairman both as Chairwoman for the Illinois Republican's Presidential Electors Committee and as Republican presidential and vice-presidential elector at-large for Illinois during the 2020 presidential election. As the Illinois Republican State Central Committeeperson for the 14th Congressional District during the 2020 general election, Ms. Pollastrini herself appointed a Republican presidential and vice-presidential elector for the 14th Congressional District. Following redistricting, Ms. Pollastrini intends to seek election as the Illinois Republican State Central Committeeperson for the new 11th Congressional District. Ms. Pollastrini also intends to seek reappointment as the Chairwoman for the Illinois Republican's Presidential Electors Committee in 2024. Ms. Pollastrini further intends to seek reappointment as an at-large presidential and vice-presidential elector for the November 5, 2024, presidential election.

11. Plaintiff Susan Sweeney is a resident of Cook County, Illinois, and a registered Illinois voter who voted in the 2020 congressional and presidential elections. She intends to vote in the 2022 congressional election as well as the 2024 presidential and congressional elections. Ms. Sweeney was a Republican presidential elector during the 2020 presidential election. Ms. Sweeney intends to seek reappointment as an Illinois presidential elector for the November 5, 2024, presidential election.

12. Defendant Illinois State Board of Elections (the "State Board") is an independent state agency created under the laws of the State of Illinois. Defendant State Board is responsible for supervising the administration of election laws throughout Illinois.

13. Defendant Bernadette Matthews is the Executive Director of the Illinois State Board of Elections and the Chief State Election Official of the State of Illinois. 26 Ill. Adm. Code § 216.100(b)-(c); 52 U.S.C. § 20509. She is sued in her official capacity.

**FACTS**

14. The Illinois election code authorizes voting by mail and further provides that vote-by-mail ballots received "after the polls close on election day" but before "the close of the period for counting provisional ballots" shall be counted as if cast and received on or before Election Day. *See* 10 Ill. Comp. Stat. Ann. § 5/19-8(c).

15. In Illinois, election officials shall complete "the validation and counting of provisional ballots within 14 calendar days of the day of the election." 10 Ill. Comp. Stat. Ann. § 5/18A-15(a).

16. Read together, these two provisions mean that vote-by-mail ballots received up to 14 calendar days after the day of the election shall be counted as if cast and received on or before Election Day.

17. Even vote-by-mail ballots without postmarks shall be counted if received up to 14 calendar days after Election Day if the ballots are dated on or before election day. *See* 10 Ill. Comp. Stat. Ann. § 5/19-8(c).

18. For example, although Election Day for the 2020 federal elections was November 3, 2020, Illinois law authorized the counting of vote-by-mail ballots received on or before November 17, 2020, even if those ballots were not postmarked by Election Day.

19. On November 2, 2020, the State Board of Elections issued a media advisory stating it had received approximately 1,759,245 mailed ballots prior to Election Day.[1] The Board further advised that the number of ballots received after Election Day through November 17, 2020, could materially affect the unofficial election results. Specifically, the State Board explained:

> As mail ballots arrive in the days after Nov. 3, it is likely that close races may see leads change as results are reported. Reporters should check with local election authorities for updated vote counts and make readers, viewers and listeners aware of why these numbers are changing.

*Id*.

20. In its December 4, 2020, press release announcing certified results from the November 3, 2020 election, the State Board announced that there had been a total of 6,098,729 votes in the 2020 election, of which 2,025,662 were vote-by-mail ballots.[2]

21. Read together, the November 2nd and December 4th press releases indicate that Illinois received 266,417 vote-by-mail ballots statewide during the period from November 3rd through November 17th.

---

[1] "*Media Advisory: Heavy Mail Voting Could Affect Unofficial Elections Results*," Illinois State Board of Elections, Nov. 2, 2020, https://bit.ly/3y9qCWU, (last visited May 24, 2022).
[2] "*Record Number of Votes Cast, Turnout tops 2016 as Board of Elections Certifies 2020 General Election Results*," Illinois State Board of Elections, Dec. 4, 2020, https://bit.ly/3y9tumE (last visited May 24,2022).

22. Upon information and belief, most of the 266,417 vote-by-mail ballots were received after Election Day, which would mean that as many as 4.4% of votes cast in 2020 were received *after* Election Day.

23. Illinois is not allowed to hold open voting for congressional and presidential beyond the single Election Day.

24. One editorialist recently satirized the abandonment of a single national Election Day as follows:



25. The next federal election in Illinois will be held on Tuesday, November 8, 2022, at which time Illinois will elect a new Congressional delegation. Under Illinois law's extended ballot receipt deadline, vote-by-mail ballots shall be counted if received on or before November 22, 2022.

26. Accordingly, Illinois will illegally hold voting open beyond Election Day on November 8, 2022.

27. Another federal election will be held in Illinois on Tuesday, November 5, 2024, at which time Illinois will elect its next slate of presidential and vice-presidential electors as well as a new Congressional delegation. Under Illinois law's extended ballot receipt deadline, vote-by-mail ballots shall be counted if received on or before November 19, 2024.

28. Accordingly, Illinois will hold voting open beyond Election Day on November 5, 2024.

29. Counting ballots received after Election Day harms Plaintiffs.

30. Among other harms, Plaintiffs votes will be diluted by illegal ballots received in violation of the federal Election Day statutes.

31. All Plaintiffs intend to vote and conduct their prospective campaigns in accordance with federal law.

32. Plaintiffs are entitled to have their elections results certified with votes received in compliance with the federal Election Day statutes.

33. Plaintiffs rely on provisions of federal and state law in conducting their campaigns including, in particular, resources allocated to the post-election certification process.

34. Counting untimely votes and those received in violation of federal law substantially increases the pool of total votes cast and dilutes the weight of Plaintiffs' votes. More votes will be counted than the law allows to be counted, resulting in dilution.

35. Likewise, untimely votes will be counted after the federal Election Day deadline, defined as "the combined actions of voters and officials meant to make a final selection of an officeholder."

36. Plaintiffs will be subject to harms beyond even these above-stated harms.

37. These harms are severe and irreparable.

## COUNT I
### Violation of the Right to Vote (42 U.S.C. § 1983)

38. Plaintiffs incorporate all their prior allegations.

39. 10 Ill. Comp. Stat. Ann. § 5/19-8 requires counties to hold open voting and count ballots received after Election Day, in violation of 2 U.S.C. § 7 and 3 U.S.C. § 1.

40. Because counting ballots received after Election Day violates 2 U.S.C. § 7 and 3 U.S.C. § 1, any such ballots are untimely and therefore illegal under 2 U.S.C. § 7 and 3 U.S.C. § 1.

41. Untimely and illegal ballots received and counted after Election Day pursuant to 10 Ill. Comp. Stat. Ann. § 5/19-8 dilute the value of timely ballots cast and received on or before Election Day, including Plaintiffs' timely cast and received ballots.

42. By counting untimely and illegal ballots received after Election Day and diluting Plaintiffs' timely cast and received ballots, Defendants, acting under color of Illinois law, have deprived and are depriving Plaintiffs of rights protected under the First Amendment and 14th Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983.

43. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing 10 Ill. Comp. Stat. Ann. § 5/19-8.

## COUNT II
**Violation of the Right to Stand for Office (42 U.S.C. § 1983)**

44. Plaintiffs incorporate all their prior allegations.

45. 10 Ill. Comp. Stat. Ann. § 5/19-8 requires counties to hold open voting and count ballots received after Election Day, including those without postmarks.

46. Defendants, acting under color of Illinois law, have deprived and are depriving Plaintiffs of rights protected under the First and Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983 by, inter alia, forcing Plaintiffs to spend money, devote time, and otherwise injuriously rely on unlawful provisions of state law in organizing, funding, and running their campaigns.

47. Defendants, acting under color of Illinois law, have deprived and are depriving Plaintiffs of rights protected under the First Amendment and 14th Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983.

48. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing 10 Ill. Comp. Stat. Ann. § 5/19-8.

## COUNT III
### Violation of 2 U.S.C. § 7 and 3 U.S.C. §1

49. Plaintiffs incorporate all their prior allegations.

50. 2 U.S.C. §7 provides that "[t]he Tuesday next after the 1st Monday in November, in every even numbered year, is established as the day for the election, in each of the States and Territories of the United States, of Representatives and Delegates to the Congress commencing on the 3d day of January next thereafter."

51. 3 U.S.C. §1 provides that "[t]he electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President."

52. By its terms 2 U.S.C. § 7 requires that the 2022 general election for Representatives to the Congress be consummated on Election Day, November 8, 2022 and Election Day, November 5, 2024.

53. Under Illinois law's extended ballot receipt deadline, vote-by-mail ballots shall be counted if received on or before November 22, 2022, in violation of 2 U.S.C. § 7's Election Day mandate.

54. By its terms 3 U.S.C. § 1 requires that the 2024 general election for Presidential electors be consummated on Election Day, November 5, 2024.

55. Under Illinois law's extended ballot receipt deadline, vote-by-mail ballots shall be counted if received on or before November 19, 2024, in violation of 3 U.S.C. § 1's Election Day mandate.

56. Illinois law permitting vote-by-mail ballots, including those without postmarks, to be counted if they are received fourteen days after Election Day violates 2 U.S.C. § 7 and 3 U.S.C. § 1.

57. A qualified ballot for federal office is not a legal vote unless it is received by Election Day.

58. State law or practice that holds open voting 14 after Election Day is invalid and void as superseded under 2 U.S.C. § 7 and 3 U.S.C. § 1.

59. Defendants have acted and will continue to act under color of state law to violate 2 U.S.C. § 7 and 3 U.S.C. § 1.

60. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing 10 Ill. Comp. Stat. Ann. § 5/19-8.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for entry of a judgment granting:

a. A declaratory judgment that the relevant parts of 10 Ill. Comp. Stat. Ann. § 5/19-8 identified herein deprive Plaintiffs, under color of State law, of rights secured by the Constitution of the United States and by Acts of Congress;

b. A permanent injunction prohibiting Defendants from enforcing the relevant parts of Illinois law, including 10 Ill. Comp. Stat. Ann. § 5/19-8, as identified herein;

c. Plaintiffs' reasonable costs and expenses, including attorneys' fees; and

d. All other relief that Plaintiffs are entitled to, and that the Court deems just and proper.

May 25, 2022

*s/ Christine Svenson*
Christine Svenson, Esq.
(IL Bar No. 6230370)
SVENSON LAW OFFICES
345 N. Eric Drive
Palatine IL 60067
T: 312.467.2900
christine@svensonlawoffices.com

\* *Application for admission pro hac vice forthcoming*

T. Russell Nobile*
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
Phone: (202) 527-9866
rnobile@judicialwatch.org

Paul J. Orfanedes (IL Bar No. 6205255)
Robert D. Popper*
Eric W. Lee*
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
porfanedes@judicialwatch.org
rpopper@judicialwatch.org
elee@judicialwatch.org