**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL J. BOST; LAURA POLLASTRINI; and SUSAN SWEENEY,<br><br>Plaintiffs,<br><br>v.<br><br>THE ILLINOIS STATE BOARD OF ELECTIONS; and BERNADETTE MATTHEWS, in her capacity as the Executive Director of the Illinois State Board of Elections,<br><br>Defendants. | No. 1:22-cv-02754<br><br>Hon. John F. Kness |

**STATEMENT REGARDING BRIEFING SCHEDULE ON DEMOCRATIC PARTY OF ILLINOIS' MOTION TO INTERVENE**

Plaintiffs oppose Proposed Intervenor-Defendant Democratic Party of Illinois ("DPI")'s intervention.[1] DPI and Plaintiffs have attempted, but been unable, to reach agreement on a briefing schedule on DPI's motion to intervene. DPI and Plaintiffs each briefly set out their positions and proposed schedules below.

    A.    <u>**DPI's Position and Proposed Schedule**</u>

Given that nothing of substance has yet occurred in this action and that Defendants' response to the Plaintiffs' Complaint is now due on July 8, 2020, Dkt. 10, DPI proposed the following briefing schedule for the motion to intervene:

- **Motion to intervene filed Friday, June 17, 2022.**

- **Plaintiffs' response in opposition to be filed by July 1, 2022.**

---

[1] Defendants take no position on DPI's intervention and, as a result, had no part in this statement.

1

- **DPI's reply in support to be filed by July 8, 2022.**

Plaintiffs object to that schedule for the reasons that they explain below and would ask that the Court set a more extended schedule. DPI was willing to agree to Plaintiffs' proposed schedule if Plaintiffs would confirm that they did not intend to move for a preliminary injunction or TRO or otherwise seek substantive relief while DPI's motion to intervene was being briefed on the schedule that Plaintiffs proposed. Plaintiffs were unwilling to so confirm. As a result, and for the reasons that follow, DPI respectfully requests that the Court enter DPI's proposed schedule.

Plaintiffs challenge an Illinois election law that has been in place since at least 2015 (with a similar iteration in place a decade longer than that). Illinois' Ballot Receipt Deadline ensures that ballots cast by lawful voters on or before election day that are received in the mail by election officials in the 14 days after election day are counted, provided that: (1) they are postmarked on or before election day, or (2) if the U.S. Postal Service fails to postmark them, the ballot certification is dated on or before election day. Plaintiffs' Complaint indicates that they intend to seek an injunction barring Defendants from counting *any* mail-in ballots received after election day, regardless of when they were mailed. Compl. at 11. Based on Plaintiffs' own allegations, the result would be thousands upon thousands of Illinois voters whose ballots would be summarily rejected. Compl. ¶¶ 21-22.

As laid out in DPI's motion to intervene, Plaintiffs' action threatens DPI and its members, constituents, and voters, with serious and irreparable harm. DPI has timely moved and seeks to intervene to protect those rights, but its ability to do so will be severely hampered if Plaintiffs proceed to seek substantive relief during the next several weeks, while decision on DPI's motion to intervene is delayed as a result of the extended briefing schedule insisted on by Plaintiffs. DPI submits that its motion to intervene is not particularly complex and the issues it raises are issues

that are routinely considered, often on a far more expedited basis, by federal courts. While ordinarily counsel for DPI would not hesitate to agree to an extended briefing schedule out of courtesy to Plaintiffs' counsel, under these circumstances, DPI submits that the briefing schedule it proposes is appropriate so that its motion may be timely considered as this matter moves forward.

  **B.**  **Plaintiffs' Position and Proposed Schedule[2]**

Proposed intervenor DPI has suggested that Plaintiffs' response to its motion to intervene be due on July 1, 2022. Plaintiffs have explained (1) that its director of litigation is out of the country, (2) that its director of voting litigation was diagnosed with COVID yesterday and is out sick, and (3) that in any case determinations critical to a motion to intervene will become more apparent after Defendants file their answer or responsive pleading on July 8, 2022. Plaintiffs seek to respond to any motion to intervene after that date, since an important Rule 24 consideration is whether the existing parties adequately represent the proposed intervenors' interests. The Defendants' responsive pleading on July 8, 2022 will help both the Court and the parties resolve this issue. Without seeing that, both Plaintiffs and proposed intervenors will submit briefing to the Court that simply speculates about whether the state does or doesn't represent DPI's interests.

Plaintiffs have also made clear in correspondence with DPI that it will not claim in its response that proposed intervenor's motion was untimely. DPI, however, is unwilling to grant even that small extension, unless Plaintiffs agree to compromise its litigation strategy going forward by agreeing to foregoing substantive or preliminary motions practice.

DPI's unwillingness to grant such a small extension except on such terms—in the process wasting this Court's and the parties' time with this unnecessary motion practice— is unreasonable. Plaintiffs respectfully submit that any other litigant faced with such a minor request for additional

---

[2] This portion was drafted by Plaintiffs' counsel.

days on a briefing schedule, due among other things to office absences and COVID illness, would grant that simple request. Indeed, if this is how proposed intervenors litigate, it is an additional basis for denying their motion.

Plaintiffs' proposed briefing schedule should be:

- Motion to intervene filed June 17, 2022.
- Opposition filed by July 14, 2022.
- Any reply in support filed by July 21, 2022.

June 17, 2022                                              Respectfully Submitted,

**JENNER & BLOCK LLP**

By:   s/ Coral A. Negron  

Coral A. Negron
Jenner & Block LLP
1099 New York Avenue, NW
Washington, D.C. 20001
Telephone: (202) 639-6875
cnegron@jenner.com

Elisabeth C. Frost*
Maya Sequeira*
Richard A. Medina*
Elias Law Group LLP
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
efrost@elias.law
msequeira@elias.law
rmedina@elias.law

Abha Khanna*
Elias Law Group LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177

Facsimile: (206) 656-0180
akhanna@elias.law

*Attorneys for Proposed Intervenor-Defendant
Democratic Party of Illinois*

*\*Pro hac vice application forthcoming*

## CERTIFICATE OF SERVICE

I, Coral A. Negron, certify that on June 17, 2022, I electronically filed the foregoing **STATEMENT REGARDING BRIEFING SCHEDULE ON DEMOCRATIC PARTY OF ILLINOIS' MOTION TO INTERVENE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

    /s/ Coral A. Negron
Jenner & Block LLP
1099 New York Avenue, NW
Washington, D.C. 20001
Telephone: (202) 639-6875
cnegron@jenner.com

6