IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BOST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ILLINOIS STATE BOARD OF ELECTIONS, et al., <br><br> Defendants. | Civil Action No. 1:22-cv-02754 <br><br> Judge John F. Kness |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs respectfully request the Court grant their motion for partial summary judgment on Counts I and II with respect to the November 8, 2022, congressional elections by declaring that 10 ILCS 5/19-8(c) violates federal law. In accordance with Local Rule 56.1(a)(2), Plaintiffs submit the following material facts in support of their Motion:

1. The United States Congress is authorized to establish the Time for conducting federal elections. Art. I, § 4 cl.1 and Art. II, § 1 cl.4; *see also Foster v. Love*, 522 U.S. 67, 68-70 (1997).

2. With respect to Congressional elections, U.S. Const., Article I, § 4 provides that: "[t]he Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed by each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Place of Chusing Senators."

3. With respect to presidential elections, Article II, § 1, cl. 4 provides: "The Congress may determine the Time of chusing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States."

4. These two clauses give "Congress 'the power to override state regulations' by establishing uniform rules for federal elections, binding on the States." *Foster*, 522 U.S. at 69 (citing *U.S. Term Limits v. Thornton,* 514 U.S. 779, 832-833 (1995)).

5. In January 1845, Congress passed the "Presidential Election Day Act," which is now codified as 3 U.S.C. § 1. 28 Cong. Ch. 1, 5 Stat. 721. That provision currently provides: "The electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President." 3 U.S.C. § 1.

6. In 1872, Congress passed what is now 2 U.S.C § 7, which established that same day as the uniform Election Day for congressional elections. *Foster*, 522 U.S. at 69. That provision currently provides: "The Tuesday next after the 1st Monday in November, in every even numbered year, is established as the day for the election, in each of the States and Territories of the United States, of Representatives and Delegates to the Congress commencing on the 3d day of January next thereafter." 2 U.S.C. § 7.

7. After the adoption of the Seventeenth Amendment, Congress passed what is now 2 U.S.C. § 1 in 1914, aligning popular Senate elections with biennial House elections. *Foster*, 522 U.S. at 69-70; *see also* Senators' Election Act of 1866, 14 Stat. 243 (establishing Election Day for senators prior to the Seventeenth Amendment).

8. This date remains the single, national "day for the election" for electing members of Congress and choosing presidential and vice-presidential electors. 2 U.S.C. § 1; 2 U.S.C. § 7; and 3 U.S.C. § 1.

9. "By establishing a particular day as 'the day' on which these actions must take place, the statutes simply regulate the time of the election[.]" *Foster*, 522 U.S. at 71-72.

10. Prior to 2005, 10 ILCS 5/19-8 required that absentee ballots be received by state election officials on or before Election Day. 2005 Ill. Laws 557 (P.A. 94-557).

11. In 2005, 10 ILCS 5/19-8 was amended to allow absentee ballots received "after the close of the polls on election day" but before "the close of the period for counting provisions ballots" to be counted as if cast and received on or before Election Day. *See* 10 ILCS 5/19-8(c); and 2005 Ill. Laws 557 (P.A. 94-557).

12. In 2013, Illinois again amended 10 ILCS 5/19-8(c) when Illinois adopted its version of vote by mail ("VBM"). 2013 Ill. Laws 1171 (P.A. 98-1171)

13. 10 ILCS 5/18A-15(a) provides that state election officials shall complete the "the validation and counting of provisions ballots within 14 calendar days of the day of the election."

14. Read together, 10 ILCS 5/18A-15(a) and 10 ILCS 5/19-8(c) mean that VBM ballots received up to 14 calendar days after Election Day shall be counted as if cast and received on or before Election Day.

15. The practice of accepting ballots received up to 14 days after the election was in effect for the November 3, 2020 federal election. 10 ILCS § 5/19-8(c).

16. Prior to that election, on November 2, 2020, Defendant State Board issued a press advisory warning that it was "likely" the results for some races would change as ballots were received after Election Day. "*Media Advisory: Heavy Mail Voting Could Affect Unofficial*

3

*Elections Results*," Illinois State Board of Elections, Nov. 2, 2020, https://bit.ly/3y9qCWU, (last visited May 2, 2022), attached as Exhibit 2. Accordingly, public statements by Defendant State Board show it believed that the number of VBM ballots received after Election Day in 2020 could materially affect the final outcome of the election.

17. In that same press release, Defendant State Board announced it had received approximately 1,759,245 mailed ballots prior to Election Day. *Id.*

18. In its December 4, 2020, press release announcing certified results from the November 3, 2020 election, the State Board announced that there had been a total of 6,098,729 votes in the 2020 election, of which 2,025,662 were VBM ballots. "*Record Number of Votes Cast, Turnout tops 2016 as Board of Elections Certifies 2020 General Election Results*," Illinois State Board of Elections, Dec. 4, 2020, https://bit.ly/3y9tumE (last visited May 2,2022), attached to as Exhibit 3.

19. Read together, these releases indicate that Illinois received 266,417 ballots during the period of November 3-17, 2020. *Id.* These totals indicate that as many as 4.37% of the 6,098,729 votes casts during the 2020 federal election were received after Election Day.

20. November 8, 2022 is federal Election Day on which Illinois voters will choose the State's next congressional delegation. 2 U.S.C. § 7.

21. Illinois practice of counting VBM ballots received by election officials after the national Election Day will be in force and effect during the upcoming November 8, 2022, congressional elections. 10 ILCS 5/19-8(c).

22. Ballots received by election officials after Election Day but before November 23, 2022, will be canvassed and included in the certified results. 10 ILCS 5/19-8(c).

23. All Plaintiffs are Illinois registered voters, who voted in the November 3, 2020, federal election and intend to vote during the November 8, 2022, federal election. Bost Decl., ¶ 2; Pollastrini Decl., ¶ 2; Sweeney Decl., ¶ 2.

24. Plaintiff Congressman Michael Bost is currently a member of the United States House of Representatives and represents Illinois' 12th Congressional District. Bost Decl., ¶ 3. He successfully ran for re-election in the November 3, 2020 general federal election. *Id.* at ¶ 4.

25. As a Congressional candidate in the November 3, 2020 general federal election, Plaintiff Bost spent money, time, and resources to monitor and respond as needed to ballots received by state election officials after the national Election Day, and otherwise relied on 10 ILCS 5/19-8(c) and other relevant provisions of the Illinois Election Code in organizing, funding, and running his campaign. Bost Decl., ¶¶ 9-19.

26. Some of the ballots received after the November 3, 2020 Election Day were received in Plaintiff Bost's election for Illinois' 12th Congressional District. Bost Decl., ¶ 21.

27. On June 28, 2022, Plaintiff Bost was again nominated by Republican voters as the party's candidate for the November 8, 2022 election for Illinois' 12th Congressional District. Bost Decl., ¶ 5.

28. Before the recent redistricting, the 12th District included 12 Illinois counties, in whole or part. *Id.* Following the recent redistricting, the 12th District now includes 34 counties, in whole or part. *Id.*

29. Ballots received by election officials after Election Day on November 8, 2022, but before November 23, 2022, will be included in the certified results related to Congressman Bost's 12th Congressional District in Illinois. 10 ILCS 5/19-8(c).

30. Plaintiff Pollastrini intends to vote in the 2022 and 2024 federal elections. Pollastrini Decl., ¶ 19.

31. Plaintiff Pollastrini is currently the Illinois Republican State Central Committeeperson for the 14th Congressional District, and was appointed by the Illinois State GOP Chairman as Chairwoman for the Illinois Republican Party's Presidential Electors Committee. Pollastrini Decl., ¶ 7.

32. During the 2020 federal general election, Plaintiff Pollastrini served as a Republican nominee for presidential and vice-presidential elector for Illinois. Pollastrini Decl., ¶ 4.

33. Plaintiff Pollastrini is seeking election as the Illinois Republican State Central Committeeperson for the new 11th Congressional District, in July 2022. Pollastrini Decl., ¶ 20.

34. Plaintiff Pollastrini intends to seek reappointment as the Chairwoman for the Illinois Republican's Presidential Electors Committee in 2024, and reappointment as an at-large Illinois presidential elector for the November 5, 2024, presidential election. Pollastrini Decl., ¶ 21.

35. Plaintiff Sweeney is a resident of Cook County, Illinois, and a registered Illinois voter who voted in the 2020 congressional and presidential elections. Sweeney Decl,¶ 16.

36. Plaintiff Sweeney intends to vote in the 2022 congressional election as well as the 2024 presidential and congressional elections. Sweeney Decl,¶ 2. Plaintiff Sweeney was a Republican presidential elector during the 2020 presidential election. She intends to seek reappointment as an Illinois presidential elector for the November 5, 2024, presidential election.

37. Defendant Illinois State Board of Elections is an independent state agency created under the laws of the State of Illinois. 10 ILCS 5/1A-1. Defendant State Board is responsible for supervising the administration of election laws throughout Illinois. 10 ILCS 5/1A-8.

38. Defendant Bernadette Matthews is the Executive Director of the Illinois State Board of Elections and the Chief State Election Official of the State of Illinois. 26 Ill. Adm. Code § 216.100(b)-(c); 52 U.S.C. § 20509.

39. Defendants are state actors and have acted, and will continue to act, under color of state law so that ballots received by state election officials after the November 8, 2022, national Election Day will be included in the state's certified election results.

July 15, 2022

    *s/ Russ Nobile*
T. Russell Nobile
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
Phone: (202) 527-9866
rnobile@judicialwatch.org

Christine Svenson, Esq.
(IL Bar No. 6230370)
SVENSON LAW OFFICES
345 N. Eric Drive
Palatine IL 60067
T: 312.467.2900
christine@svensonlawoffices.com

Paul J. Orfanedes (IL Bar No. 6205255)
Robert D. Popper*
Eric W. Lee*
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
porfanedes@judicialwatch.org
rpopper@judicialwatch.org
elee@judicialwatch.org

* *Application for admission pro hac vice forthcoming*