IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BOST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ILLINOIS STATE BOARD OF ELECTIONS, et al.,<br><br>Defendants. | Civil Action No. 22-cv-2754 |

**DECLARATION OF LAURA POLLASTRINI**

I, Laura Pollastrini, declare as follows:

1. I am a resident of Kane County, Illinois and a plaintiff in this lawsuit.

2. I am registered to vote in Kane County and have voted regularly in federal elections since 2016. Prior to moving to Kane County in 2016, I was registered to vote in DuPage County and have voted regularly in federal elections in Illinois since first registering to vote in 1986.

3. I am active in the Illinois Republican Party, Republican organizations, and Republican campaigns.

4. During the 2020 federal general election, I served as a Republican nominee for presidential and vice-presidential elector at-large for Illinois.

5. In the 2020 general federal election, I voted in person during Early Voting.

6. In 2020, I was a Precinct Committeeman and active member of the Kane County Republican Central Committee. In that role, I was one of a number of people responsible for helping to recruit volunteers to serve as either election judges or party poll watchers, including those needed to observe voting during the fourteen days following Election Day.

7. I am currently the Illinois Republican State Central Committeeperson for the 14th Congressional District. I was appointed by the Illinois State GOP Chairman as Chairwoman for the Illinois Republican Party's Presidential Electors Committee.

8. I have been active in federal and state campaigns in Illinois since 1990. I have worked or volunteered during elections in various capacities during that time. For example, I previously worked as campaign staff, campaign manager, President of the DuPage County Young Republicans, Republican Precinct Committeeman, Republican Township Chairman, Township Republican Women's Chairman, Illinois Republican State Central Committeeman, Illinois Deputy Republican State Central Committeeman, Delegate to the Republican National Convention, and Vice Chairman of the Kane County Republican Party.

9. Because my involvement in Illinois elections began in 1990, I have worked and volunteered in elections both before and after the Illinois General Assembly amended the Election Code in 2005, holding absentee voting open fourteen days after Election Day.

10. Before the 2005 change, it was much easier to organize Election Day activities. Pre-2005, campaigns typically only needed volunteers for early voting and Election Day. Sometimes volunteers would be needed to monitor canvassing activities the day after Election Day if canvassing took too long on Election Day night and continued through the next morning.

11. However, the monitoring of canvassing has become significantly more difficult since 2005. Pre-2005, we needed to focus our efforts on observing ballots on or before "Election Day." Now, we need to invest time and energy on "Election Day" operations that last fourteen days rather than one.

12. For example, since the 2005 changes, it has become significantly more difficult to find "Election Day" volunteers, especially those willing to volunteer during the fourteen-day period after Election Day.

13. In addition, the volume of votes arriving after Election Day has grown significantly, especially after the state of Illinois replaced limited absentee voting with vote-by-mail ("VBM") in 2013. Following that change, the number of ballots arriving after Election Day has increased substantially almost every year. The volume of "Election Day" resources needed has greatly increased because many of these late-arriving ballots have discrepancies (*e.g.*, insufficient information, missing signatures, date, or postmark) that need to be resolved. Each resolution takes time, assuming county election staff even go through the trouble, rather than just accepting possibly deficient ballots in bulk. This resolution process consumes the volunteer and staff resources that I help organize, making my efforts to find volunteers even more difficult.

14. Of course, this assumes volunteers that I help to organize are even allowed to observe the activities during the fourteen-day period. On some occasions during federal elections, county election officials have prevented or sought to limit our ability to simply observe the post-Election Day processing of ballots.

15. My experience is that some county election officials simply do not want our volunteers at poll sites, especially a week after Election Day when ballots are still arriving. Some election officials make it very difficult for our volunteers to monitor by either refusing to tell us when they will process late arriving ballots or by affirmatively refusing to allow us to observe the processing of late arriving ballots.

16. As a result, there is a noticeable trend of more ballots arriving after Election Day, but even less opportunity to observe the ballot counting process. Stated differently, since 2005 there is more voting, but less transparency after Election Day in Illinois.

17. For the 2022 federal election, I am working to train and find volunteers to serve as poll watchers and election judges. Even this year, despite polls showing renewed interest in Republican candidates in Illinois, it is becoming increasingly harder for me to find volunteers needed to ensure transparency during the fourteen-day period after Election Day.

18. By counting untimely votes and those received in violation of the federal Election Day deadline, the state of Illinois substantially increases the pool of total votes cast and dilutes the weight of my timely cast vote. More votes will be counted than the law allows to be counted, resulting in dilution of my vote.

19. I intend to vote in the November 8, 2022 and the November 5, 2024 federal elections.

20. I am seeking election as the Illinois Republican State Central Committeeperson for the new 11th Congressional District.

21. I intend to seek reappointment as the Chairwoman for the Illinois Republican's Presidential Electors Committee in 2024, and as an at-large Illinois presidential elector for the November 5, 2024, presidential election.

22. The counting of unlawful ballots increases the likelihood of fraudulent activity which discourages my intended participation as both a voter and a presidential elector in upcoming elections for federal office in Illinois. It also discourages volunteers from devoting time and energy to observing and participating in the post-Election Day canvassing of absentee ballots.

23. Because Illinois' receipt deadline holds voting open two additional weeks after Election Day, I am concerned that it gives bad actors, regardless of their political affiliation, more time to better target and affect close elections, including the election for the appointment of presidential and vice-presidential electors.

24. For all of these reasons, I am harmed by the provisions of Illinois law that allow the canvassing of vote-by-mail ballots received after Election Day.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: July 15, 2022

LAURA POLLASTRINI