IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BOST, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ILLINOIS STATE BOARD OF ) <br> ELECTIONS and BERNADETTE ) <br> MATTHEWS, in her capacity as the ) <br> Executive Director of the Illinois State ) <br> Board of Elections, ) <br> ) <br> Defendants. ) | Case No. 22-CV-2754 <br><br> Judge John F. Kness |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

Defendants, Illinois State Board of Elections ("SBE") and Bernadette Matthews, in her official capacity as Executive Director of SBE, by their attorney Kwame Raoul, Illinois Attorney General, as the only Defendants named in this action, reply as follows in support of their motion to dismiss Plaintiffs' Complaint [ECF #1]:

**INTRODUCTION**

Through this lawsuit, Plaintiffs challenge the Illinois Ballot Receipt Deadline statute, 10 ILCS 15/19-8(c), arguing that the statute violates the text of the Federal Election Day Statutes set forth at 2 U.S.C. § 7 and 3 U.S.C. § 1, and violates their right to vote and to stand for office under the First and Fourteenth Amendments to the United States Constitution.

As Defendants explained in their opening brief, Plaintiffs' claims fail for several reasons. First, Plaintiffs lack standing to assert their claims, as they set forth only generalized grievances about the administration of government of a sort that have previously been found by the Supreme Court to be insufficient to confer standing. Second, Plaintiffs' claims are barred by the Eleventh

1

Amendment. Third, Plaintiffs fail to adequately allege any violation of the Federal Election Day Statutes. And fourth, Plaintiffs do not state claims for violations of their own rights under the First and Fourteenth Amendments.

Plaintiffs' response only confirms that their claims have no merit and should be dismissed. In response to Defendants' standing argument, Plaintiffs simply attempt to brush off the relevant case law as "wrongly decided" (which it is not), and rely heavily on *Foster* which is inapposite because it does not address the factual scenario at issue here – specifically, whether a state may count ballots for a period of fourteen days following Election Day, provided those ballots were postmarked on or before Election Day. Second, Plaintiffs' argument that the Eleventh Amendment is not applicable here is unavailing, as the Ballot Receipt Deadline addresses only the State's method for determining the timeliness of ballots cast by the federally mandated Election Day – it does not contravene the Federal Election Statutes by extending the period for voting beyond Election Day.

Finally, Plaintiffs repeatedly mischaracterize the Illinois Ballot Receipt Deadline statute, suggesting that it allows for voting after Election Day. As Defendants explained in their opening brief, that assertion is incorrect. The Ballot Receipt Deadline merely permits ballots that were *timely* cast on or before Election Day to be *counted* for up to fourteen days following Election Day, to account for any delays in the postal service. As explained in Defendants' opening brief and below, the relevant case law confirms that this type of regulation, which merely creates a method for determining the timeliness of ballots cast by mail on Election Day, is entirely proper and should be upheld.

# ARGUMENT

### I. Plaintiffs lack standing to assert their claims.

In their opening brief, Defendants explained that Plaintiffs lack standing to assert their claims because they have not alleged any injury that is concrete and particularized; rather, they rely on generalized grievances about government and seek relief that would no more directly or tangibly benefit them than it would the public at large. Dkt. 26 at 5-11; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (noting that to establish injury in fact, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent," and that for an injury to be particularized, "it must affect the plaintiff in a personal and individual way"). Specifically, a party who invokes the power of judicial review to assert that a statute violates his or her constitutional rights "must be able to show not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as a result of its enforcement" – not that he merely suffers in some indefinite way in common with people generally. *See Massachusetts v. Mellon*, 262 U.S. 447 (1923).

In their response, Plaintiffs rely on the assertion that the Ballot Receipt Deadline holds voting open for an additional fourteen days after Election Day, and that Plaintiff Bost, at least, is personally injured by this because, as a candidate, he must "organize, fundraise, and continue to run most of his campaign's Election Day operations fourteen additional days after Election Day." Dkt. 43 at 15. But this argument misinterprets the nature and operation of the Ballot Receipt Deadline.

As Defendants noted in their opening brief, the Ballot Receipt Deadline statute provides, in relevant part, that:

> [E]ach vote by mail voter's ballot that is mailed to an election authority **and postmarked no later than election day**, but that is received by the election authority after the polls

3

> close on election day and before the close of the period for counting provisional ballots cast at that election, shall be endorsed by the receiving authority with the day and hour of receipt and shall be counted at the central ballot counting location of the election authority during the period for counting provisional ballots.

10 ILCS 5/19-8(c) (emphasis added). The statute does not permit individuals to continue to cast ballots after Election Day; rather, it simply allows for ballots that were *timely cast* to be counted for up to fourteen days after Election Day, to account for potential delays in the postal service. Plaintiffs' assertion that the Ballot Receipt Deadline requires them to continue campaign activities for a full fourteen days following Election Day makes no sense.

Plaintiffs merely gloss over Defendants' citation to *Lance v. Coffman*, 549 U.S. 437 (2007), in which the Supreme Court held that the plaintiffs, who alleged only that they were injured because the Elections Clause was not followed, did not have standing to assert their claims. This was so because the plaintiffs had "no particularized stake in the litigation," but rather asserted "precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past." *Id.* at 422. Plaintiffs argue that unlike the plaintiffs in *Lance*, they do not assert "taxpayer standing," and that they allege "dilution as well as other First and Fourteenth Amendment and statutory injuries as both voters and candidates," which go "well beyond" the injuries alleged in *Lance*. Dkt. 43 at 11-12.

But in making this argument, Plaintiffs miss the point – their argument is, at its core, that they have suffered their alleged injuries, including vote dilution, because Illinois, in following the Ballot Receipt Deadline, is not following the Elections Clause. That is exactly the type of "generalized grievance about government – claiming only harm to [plaintiff's] and every citizen's interest in proper application of the Constitution and laws," that the *Lance* Court held unavailing. *Lance*, 549 U.S. at 439 (collecting cases).

4

In sum, Plaintiffs have not established that they have an elevated interest in the Ballot Receipt Deadline which is more specific and substantial than the interest of any other voter or candidate for office in Illinois, and they consequently lack standing to bring this lawsuit.

**II.     The Eleventh Amendment bars Plaintiffs' claims against SBE.**

In their opening brief, Defendants explained that the Eleventh Amendment bars Plaintiffs' suit against SBE, a State agency. Dkt. 26 at 11. In response, Plaintiffs argue that the "plan of the Convention" nullifies SBE's Eleventh Amendment immunity, citing two recent cases that dealt with the National Voter Registration Act of 1993. Dkt. 43 at 12-14. Plaintiffs assert that under *Public Interest Legal Found. v. Matthews*, No. 20-cv-3190, 2022 U.S. Dist. LEXIS 40640 (C.D. Ill. Mar. 8, 2022) and *Ill. Conservative Union v. Illinois*, No. 20-C-5542, 2021 U.S. Dist. LEXIS 102543 (N.D. Ill. Jun. 1, 2021), Illinois courts have already established that "[s]tates consented to suit for claims related to the time, place, and manner of federal elections."

Plaintiffs' invocation of the plan of Convention doctrine is misplaced. Under the plan of the Convention doctrine, "the sovereign immunity afforded to States by the Eleventh Amendment will cease where a fundamental postulate implicit in the constitutional design begins." *Matthews*, 2022 U.S. Dist. LEXIS 40640, at *9. In other words, "the government of the United States is invested with full and complete power to execute and carry out the Constitution's purposes, and when a state interferes with the exercise of such power, the state may not assert sovereign immunity from suit in federal court." *Id.* at *10; *see also Garcia v. San Antonio Metro Transit Auth.*, 469 U.S. 528, 549 (1985) (recognizing that states retain sovereign immunity "only to the extent that the Constitution has not divested them of their original powers and transferred those powers to the Federal Government").

This is not the situation here. Plaintiffs reference Article I, Section 4 of the Constitution (the Elections Clause), which states that "[t]he Times, Places, and Manner of holding Elections for

5

Senators and Representatives, shall be prescribed in each State by the Legislature thereof." But the Ballot Receipt Deadline pertains to the State of Illinois' method of determining the timeliness of mail-in ballots – *not* the date by which ballots must be cast (or postmarked) to be counted as timely. Again, there is nothing in the language of the Ballot Receipt Deadline statute permitting voters to continue to *cast* votes, whether by mail or otherwise, after the national Election Day set forth by the federal Election Statutes.

The Eleventh Amendment applies here and bars Plaintiffs' claims.

### III. Plaintiffs do not adequately allege claims under 2 U.S.C. § 7 or 3 U.S.C. § 1.

In their opening brief, Defendants explained that under established precedent, Plaintiffs have not adequately alleged a violation of either 2 U.S.C. § 7 or 3 U.S.C. § 1. Specifically, in *Voting Integrity Project, Inc. v. Bomer*, 199 F.3d 773, 775 (5th Cir. 2000), the Court recognized that "a state's discretion and flexibility in establishing the time, place, and manner of electing its federal representatives has only one limitation: the state system cannot directly conflict with federal election laws on the subject." Plaintiffs argue, on one hand, that *Bomer* is inapposite here because they do not challenge early voting in Illinois and, on the other hand, that *Bomer's* holding that an election cannot be "consummated" prior to Election Day is somehow analogous to *their* argument that States cannot count ballots, which were lawfully cast by mail on or before Election Day, for a specified period of time after Election Day. Dkt. 43 at 15-16.

As an initial matter, Plaintiffs cannot have it both ways – either *Bomer* applies, or it does not. More importantly, however, Plaintiffs entirely miss the proposition for which Defendants cite to *Bomer*, which is that Congress has historically looked favorably upon absentee voting, consonant with the Congressional concern that "citizens be able to exercise their right to vote." *Bomer*, 199 F.3d at 777. There is simply nothing to suggest that, by permitting ballots cast on or

before Election Day to be counted for a period of time after Election Day, the Ballot Receipt Deadline contravenes federal law, and Plaintiffs point to no case law to the contrary.

This point is further underscored by the court's decision in *Donald J. Trump for President, Inc. v. Way*, 492 F. Supp. 3d 354 (D.N.J. 2020), in which the court noted that the Federal Election Statutes "are silent on methods of determining the timeliness of ballots," and that such determinations are consequently properly left to the states. Dkt. 26 at 13. In response, Plaintiffs again ignore the proposition for which the case is cited – which significantly undercuts their arguments – and instead simply assert that *Way* was wrongly decided and the court's reasoning unreliable, since it operated "on an expedited procedural track without the benefit of either time or discovery." Dkt. 43 at 17.

Plaintiffs again fall back on *Foster v. Love*, 522 U.S. 67, 72 (1997) in an attempt to salvage their claims, but the holding in that case established only that "a contested selection of candidates for a congressional office that is concluded as a matter of law before the federal election day" violates 2 U.S.C. §7. *Foster* does not address the factual scenario at issue here – whether a state may count ballots for a period of fourteen days following Election Day, provided those ballots were postmarked on or before Election Day – and it does not save Plaintiffs' claims.

**IV.     Plaintiffs do not adequately allege any violation of their First Amendment right to vote or right to stand for office.**

As Defendants explained in their opening brief, it is not clear, either from Plaintiffs' Complaint or from the affidavits filed in support of their Response to Defendants' motion to dismiss, how the Ballot Receipt Deadline – which ensures that voters who are unable to vote in person on Election Day are able to exercise their constitutional right to vote – could possibly impede *Plaintiffs'* right to vote or to stand for office. Plaintiffs' response does not shed any additional light on the issue.

7

In their response, Plaintiffs claim that Defendants "assume[] that the *Anderson-Burdick* test applies to this case." Dkt. 43 at 19. But in their opening brief, Defendants, in fact, assume that the *Anderson-Burdick* test would *not* apply, as the Ballot Receipt Deadline does not deny, impinge, or inhibit anyone's right to vote or to run for office, and heightened constitutional scrutiny does not apply to legislation that *enhances* voting rights, as opposed to burdening them. Dkt. 26 at 14-16.

Plaintiffs cite to a litany of cases in an attempt to support their assertion that their First Amendment rights are violated by the Ballot Receipt Deadline; however, none of the cases they cite hold, or even suggest, that a state's ability to continue to count ballots for a specified period of time after federal Election Day constitutes a violation of anyone's First Amendment rights, whether as a voter or as a candidate.

Defendants, in turn, cite to *Griffin v. Roupas*, 385 F.3d 1128 (7th Cir. 2004) and *McDonald v. Board of Election Commissioners of Chicago*, 394 U.S. 802 (1969) in their opening brief, in support of their position that Plaintiffs do not state violations of their First Amendment rights. Plaintiffs address *Griffin* only in passing, and do not grapple with the proposition for which Defendants cite that case, and mention *McDonald* not at all. Dkt. 43 at 14-23.

Plaintiffs cannot establish that the Ballot Receipt Deadline constitutes a violation of their First Amendment right to vote or to stand for office, and their Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice.

Dated: September 14, 2022

8

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

    */s/ Amanda L. Kozar*
AMANDA L. KOZAR
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6534
Amanda.Kozar@ilag.gov

9

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on September 14, 2022, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Amanda L. Kozar*
AMANDA L. KOZAR
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6534
Amanda.Kozar@ilag.gov