IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BOST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ILLINOIS STATE BOARD OF ELECTIONS, et al., <br><br> Defendants. | Civil Action No. 1:22-cv-02754 <br><br> Judge John F. Kness |

### PLAINTIFFS' OPPOSITION TO THE DEMOCRATIC PARTY OF ILLINOIS'S MOTION TO PARTICIPATE IN ARGUMENT AS AMICUS CURIAE

Plaintiffs Michael J. Bost, Laura Pollastrini, and Susan Sweeney ("Plaintiffs"), through counsel, file this Opposition to The Democratic Party of Illinois's ("DPI") Motion to Participate in Argument as Amicus Curiae. ECF 65. DPI seeks to participate in oral argument relating to Defendant Illinois State Board of Elections' and Bernadette Matthews' Motion to Dismiss, which is scheduled for December 7, 2022. ECF 25, 26, 58 and 61.

Plaintiffs initiated this action on May 25, 2022. ECF 1. DPI moved to intervene on June 17, 2022, attaching a brief in support of its Motion to Dismiss as its proposed responsive pleading. ECF 13 and 13-1. Plaintiffs opposed intervention, but consented to allowing DPI to participate as an amicus. ECF 27 at 2, fn.1. During the pendency of DPI's Motion to Intervene, the original parties filed and briefed cross dispositive motions: Defendants' Motion to Dismiss (ECF 25 and 26) and Plaintiffs' Motion for Partial Summary Judgment. ECF 32 and 33. DPI, likewise, filed a brief in opposition to Plaintiffs' Motion for Partial Summary Judgment during the pendency of the Motion to Intervene. ECF 44 and 45. The Court ultimately denied DPI's Motion to Intervene, but

granted it leave to file an amicus brief. ECF 56 at 18. In its order, the Court gave DPI the option to choose of which of its two previously filed briefs for the Court to consider. *Id.* DPI asked the Court to consider both briefs. ECF 57.

Not content with submitting these amicus briefs, however, DPI now seeks to participate in oral argument. Plaintiffs have never seen this privilege accorded any private amicus. There are good reasons this kind of participation is rarely seen, and good reasons it should be denied here.

The role of an amicus curiae has evolved to allow parties who may have an adversarial interest or are not totally disinterested to serve as amici. *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (chambers opinion) (citations omitted). "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief." *Id.* There are limits, however, to how adversarial an amicus can be. *Id.* An amicus "has never been recognized, elevated to, or accorded the full litigating status of a named party or a real party in interest." *United States v. Michigan*, 940 F.2d 154, 165. An amicus has also been "consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion." *Id.* at 165. The term "amicus curiae" means friend of the court, not friend of a party. *Id.* The partiality of an amicus is a factor for a court to consider in deciding whether to allow participation. *Sec. Inv'r Prot. Corp. v. Bernard Madoff Inv. Sec. LLC*, 550 B.R. 241, 256 (Bankr. S.D.N.Y. 2016) (citing *Picard v. Greiff*, 797 F.Supp.2d 451, 452 (S.D.N.Y. 2011)).

In support of its Motion, DPI contends that it "believes that its participation as amicus in the December 7 argument would materially aid the Court's resolution of Defendants' motion to dismiss." ECF 65 at 2. It notes that the decision to allow it to participate is within the Court's discretion. *Id.* (citing *Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2004 WL 1197258,

at *2 (N.D. Ill. May 28, 2004)). However, DPI provides no reasons in further support of this contention, nor does it otherwise explain why the Court should exercise its discretion in favor of DPI. Without such specific details, the Court is left to wait and see how DPI's participation at oral argument might "materially aid" it. Even with more time, though, there is good reason to doubt DPI will be able to show how it will "materially aid" the Court. As the Court previously noted in these proceedings, "DPI, by its own admission, makes functionally the same legal arguments as Defendants in its proposed motion to dismiss." ECF 56 at 16-17. Given its failure to explain what aid it will provide, rather than repeat arguments already made by Defendants, there is no reason to believe that DPI will add anything material to the arguments between the original parties during oral arguments.

In response to the Order granting it leave to file an amicus brief, DPI requested that the Court to consider both of its briefs related to dispositive issues in these proceedings. ECF 57. Thus, even though it is merely an amicus, DPI has already been heard through its briefs almost as much as the actual parties. DPI provides no explanation as to why the Court should exercise its discretion to further elevate its status to that of a full litigant. *See Michigan*, 940 F.2d 154, 165.

Accordingly, Plaintiffs respectfully request that the Court deny DPI's Motion to Participate. ECF 65.

November 25, 2022

    *s/ Russ Nobile*
T. Russell Nobile
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
Phone: (202) 527-9866
rnobile@judicialwatch.org

Christine Svenson, Esq.
(IL Bar No. 6230370)
SVENSON LAW OFFICES
345 N. Eric Drive
Palatine IL 60067
T: 312.467.2900
christine@svensonlawoffices.com

Paul J. Orfanedes (IL Bar No. 6205255)
Robert D. Popper*
Eric W. Lee
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
porfanedes@judicialwatch.org
rpopper@judicialwatch.org
elee@judicialwatch.org

\* *Application for admission pro hac vice forthcoming*